IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANGELA S. BROWN,

 *Plaintiff,*

 v.

MASS TRANSIT
ADMINISTRATION, *et al.*,

 *Defendants.*

Civil Action No. ELH-12-3705

**MEMORANDUM**

 Angela S. Brown, the self-represented plaintiff, sued her former employer, the Maryland

Mass Transit Administration ("MTA") and Tom Burgess, her former supervisor at the MTA,

defendants, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the

Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq.*  She alleges that

her employment as an MTA bus driver was wrongfully terminated on September 9, 2010, on the

basis of sex and age.  In addition, she contends that defendants unlawfully discriminated against

her on the same bases by failing to re-hire her on or about August 24, 2011, although other

similarly situated former employees "got [their] jobs back."  Complaint at 2.  The stated basis for

her termination was her use of a mobile phone while driving an MTA bus.  *See id.*

 The MTA and Mr. Burgess have both filed motions to dismiss or, in the alternative, for

summary judgment.  *See* MTA's Motion (ECF 5); Burgess's Motion (ECF 8) (collectively, the

"Motions").  After being notified, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.

1975), of her obligation to respond to the Motions, *see* ECF 9, Ms. Brown filed a Response (ECF

10).[1]  No hearing is necessary to resolve the Motions.  *See* Local Rule 105.6.

Defendants argue that plaintiff's claims must be dismissed for lack of subject matter jurisdiction because she did not exhaust administrative remedies by filing her claims of discrimination with the federal Equal Employment Opportunity Commission ("EEOC") or the Maryland Commission on Civil Rights (formerly known as the Maryland Commission on Human Relations) ("MCCR"), which is a mandatory precondition to suit under both Title VII and the ADEA.  Notably, plaintiff alleges in her Complaint that she filed charges with the EEOC and MCCR on six different dates, between November 2, 2011 and September 2, 2012.  *See* Complaint at 3.  However, she has not submitted a copy of any of these charges.  Moreover, the MTA has submitted an affidavit of the Director of its Office of Fair Practices, *see* Ex.2 to MTA's Motion (ECF 5-4), averring that "[w]hen an individual files charges of discrimination against the MTA, [that] office is notified in writing by the agency [either EEOC or MCCR] that charges of discrimination have been filed," and that the MTA's Office of Fair Practices "has received no notices of charges being filed by Ms. Brown."  *Id.* at 2.[2]  Although plaintiff challenges, in her Opposition, the MTA's decision to terminate her employment, she does not present any evidence or argument to contradict defendants' claims that she failed to exhaust administrative remedies.

---

[1] The Response is captioned, "I AM RESPONDING TO MTA."  Response at 1.  It does not expressly address Mr. Burgess's Motion.  The time for plaintiff to respond to Mr. Burgess's Motion has expired, *see* Local Rule 105.2(a); Fed. R. Civ. P. 6(d).  In any event, the Court's ruling is based on arguments contained in the MTA's Motion, which were simply adopted by reference in Mr. Burgess's Motion.

[2] In addition, defendants argue that plaintiff's Complaint fails to state a claim of discrimination on the basis of sex or age.  *See* MTA's Motion at 7-8.  Moreover, Mr. Burgess argues that the Complaint fails to allege any unlawful conduct taken by him and, in any event, individual supervisors are not liable as "employers" under Title VII or the ADEA.  *See* Burgess's Motion at 2.  I need not reach these arguments because the Motions can and should be resolved on the basis of administrative exhaustion.

Both Title VII and the ADEA require a plaintiff to file a "charge" of discrimination with the EEOC or an appropriate state or local agency within a specified time "after the alleged unlawful employment practice occurred," as a prerequisite to filing suit in court. 42 U.S.C. § 2000e-5(e)(1) (Title VII); *see also* 29 U.S.C. § 626(d)(1) (ADEA provision requiring filing of "charge" with EEOC within specified time "after the alleged unlawful practice occurred").

The time allotted to file a charge under both Title VII and the ADEA depends on whether the plaintiff files the charge in a state (or, under Title VII, a local jurisdiction) that has a law prohibiting employment discrimination on the same bases that are covered by the federal statutes and authorizing a state or local agency to grant or seek relief from such discrimination. Such a state or local jurisdiction is sometimes called a "deferral" jurisdiction. *See, e.g.*, *Edelman v. Lynchburg Coll.*, 300 F.3d 400, 404 & n.3 (4th Cir. 2002); *Prelich v. Med. Resources, Inc.*, 813 F. Supp. 2d 654, 661-62 (D. Md. 2011). In a deferral jurisdiction, the limitations period is 300 days; otherwise, the period is 180 days. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. §§ 626(d)(1), 633(b); *see also Prelich*, 813 F. Supp. 2d at 661-62. Maryland is a deferral state under both Title VII and the ADEA; the MCCR is the applicable state enforcement agency. *EEOC v. Randstad*, 765 F. Supp. 2d 734, 739 & n.1 (D. Md. 2011).

Under controlling Fourth Circuit precedent, "failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim," and the "same is true of claims made under the ADEA." *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300-01 (4th Cir. 2009); *see Kobrai v. Alexander*, ___ F. App'x ___, No.12-2122 (4th Cir. Apr. 5, 2013) (upholding finding of failure to exhaust, but

vacating and remanding with instructions to dismiss for lack of subject matter jurisdiction).[3] Therefore, defendant's challenge on the basis of failure to exhaust administrative remedies is properly considered under Rule 12(b)(1) of the Federal Rules of Civil Procedure, authorizing dismissal for lack of subject matter jurisdiction.

A test of subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true,'" or that other facts, outside the four corners of the complaint, preclude the exercise of subject matter jurisdiction. *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001). This case presents a factual challenge. As noted, defendants challenge plaintiff's assertion that she exhausted administrative remedies.

In a factual challenge to subject matter jurisdiction, "the plaintiff bears the burden of proving" that subject matter jurisdiction is satisfied "by a preponderance of the evidence." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir.), *cert. denied*, 558 U.S. 875 (2009). In that circumstance, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004).

---

[3] The requirements as to the timing of the filing of administrative charges in Title VII, the ADEA, and other federal anti-discrimination statutes are treated as statutes of limitations, which must be raised by a defendant as an affirmative defense, and are subject to exceptions such as waiver, equitable tolling, and equitable estoppel. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Jones*, 551 F.3d at 300 & n.2; *Prelich*, *supra*, 813 F. Supp. 2d at 662-63. In other words, the timely filing of such charges is not jurisdictional.

Moreover, the district court is "entitled to decide disputed issues of fact with respect to subject matter jurisdiction," *Kerns*, 585 F.3d at 192, "[u]nless 'the jurisdictional facts are intertwined with the facts central to the merits of the dispute.'" *Vuyyuru*, 555 F.3d at 348 (citation omitted). In particular, "the district court may . . . resolve the jurisdictional facts in dispute by considering evidence . . . such as affidavits." *Id.* When appropriate, the court may also "hold an evidentiary hearing to determine whether the facts support the jurisdictional allegations." *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *accord Kerns*, 585 F.3d at 192.  Here, plaintiff has not countered defendants' affidavit evidence of failure to exhaust, so as to raise an evidentiary dispute that would necessitate a hearing.

Where a plaintiff has not exhausted administrative remedies under Title VII and the ADEA, a federal court lacks subject matter jurisdiction over the claims.  In addition, as defendants point out, even if plaintiff filed administrative charges on the six dates that she claims, those charges would be outside of the 300-day limitations period as to her termination, and so would be time-barred even if they had been filed.[4]  Moreover, because more than 300 days have now elapsed since plaintiff's termination and the MTA's alleged failure to re-hire her, plaintiff can no longer file charges that would be timely.

For the foregoing reasons, this Court has no jurisdiction to consider the merits of

---

[4] At most, plaintiff's claims of failure to re-hire would not be time-barred.  Nevertheless, plaintiff has submitted no evidence that she actually filed charges of discrimination with the EEOC or the MCCR with respect to the MTA's failure to re-hire her.

plaintiff's claims.   Accordingly, in the Order that follows, the case is dismissed, without

prejudice, for lack of subject matter jurisdiction.[5]


Date:   April 8th, 2013                          _____/s/_____
                                                Ellen Lipton Hollander
                                                United States District Judge

---

[5] If I were to reach defendants' arguments as to the merits, I would find them well founded in every respect.